UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JOSEPH MICHAEL ANDREWS** | **CIVIL ACTION NO. 06-1736-P** |
| **VERSUS** | **JUDGE STAGG** |
| **DAVID WADE CORRECTIONAL CENTER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Joseph Michael Andrews ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on October 5, 2006. Plaintiff complains his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names the David Wade Correctional Center, Major Toffton, Captain Sanders and Sgt. Stephenson as defendants.

Plaintiff was ordered on December 12, 2006 to file, within 30 days of the service of the order, a copy of all steps taken in the Administrative Remedy Procedure and responses to said ARPs and an amended complaint. On December 15, 2006, the memorandum order was returned to this Court by the United States Postal Service marked "RETURN TO SENDER - INMATE NOT HERE." Subsequently, Plaintiff updated his address. On

March 14, 2007, the December 12, 2006 memorandum order was re-noticed to Plaintiff at his updated address. To date, Plaintiff has not responded to the memorandum order.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 9th day of July 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE